IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-11905 |
| | ) | |
| MAREK SUPKA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date:  April 6, 2016 |
| | ) | Hearing Time:  10:30 a.m. |
| | ) | Room No.:    742 |

**COVER SHEET FOR FIRST AND FINAL APPLICATION OF
FRANKGECKER LLP FOR ALLOWANCE OF COMPENSATION AND EXPENSES**

Name of Applicant:              FrankGecker LLP

Authorized to Provide           Frances F. Gecker, Chapter 7 Trustee of the Estate of
Professional Services to:       MAREK SUPKA

Period for Which                June 22, 2015 through February 15, 2016
Compensation is Sought:

Amount of Fees Sought:          $      $5,234.50

Amount of Expense               $        $34.48
Reimbursement Sought:

This is a:                      First and Final Fee Application

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $0.00.

{SUPKA/001/00045412.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-11905 |
| | ) | |
| MAREK SUPKA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: April 6, 2016 |
| | ) | Hearing Time: 10:30 a.m. |
| | ) | Room No.: 742 |

### NOTICE OF HEARING

PLEASE TAKE NOTICE that on **April 6, 2016 at 10:30 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Carol A. Doyle in Courtroom 742 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in her place and stead, and then and there present the **First and Final Application of FrankGecker LLP, as Counsel to Frances Gecker, Chapter 7 Trustee of the Bankruptcy Estate of Marek Supka for Compensation and Reimbursement of Expenses**, a copy of which is attached hereto and hereby served upon you.

Dated: February 25, 2016

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of MAREK SUPKA,

By: __/s/ Micah R. Krohn__

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com

{SUPKA/001/00045412.DOC/}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | No. 15-11905 |
| | ) | |
| MAREK SUPKA, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Honorable Carol A. Doyle |
| | ) | |

**FIRST AND FINAL APPLICATION OF FRANKGECKER LLP, AS COUNSEL TO FRANCES GECKER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF MAREK SUPKA FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**

FrankGecker LLP, counsel to Frances Gecker, not individually, but as Chapter 7 trustee (the "Trustee") of the bankruptcy estate of Marek Supka (the "Debtor"), hereby submits its first and final application (the "Application") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) for legal services performed and expenses incurred during the period of June 22, 2015 through and including February 15, 2016 (the "Application Period"), as counsel to the Trustee. In support of the Application, FrankGecker LLP respectfully represents as follows:

**INTRODUCTION**

1.  On April 1, 2015 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Case").

2.  Frances Gecker ("Trustee") is the duly appointed Trustee in the Case.

3.  The Section 341 meeting of creditors was held on May 15, 2015 (the "341 Meeting").

{SUPKA/001/00045412.DOC/}                                 1

4. The Trustee chose FrankGecker LLP ("FG") as her counsel in the Case. On July 9, 2015, this Court entered an order authorizing the Trustee to retain FG and Mr. Krohn as her counsel retroactive to June 22, 2015.

5. Counsel has received $0.00 in previously awarded compensation and reimbursement of expenses.

6. The assets of this case consisted of the Debtor's property located at 3724 N. Sayre, Chicago, Illinois (the "Real Estate") with an estimated value of $235,000 and encumbered by a mortgage of $211,077.

7. The Debtor had intended on reaffirming the Real Estate, and after having engaged in good faith, arm's-length negotiations with the Debtor, the Trustee agreed to sell the equity in the Real Estate to the Debtor for $15,000.

8. On August 5, 2015, the Court entered an Order approving the sale of Trustee's interest in the Real Estate to the Debtor for $15,000.

9. This Application seeks allowance of all fees and expenses incurred by FG from June 22, 2015 through and including February 5, 2016. To aid the Court in its review of this Application, the Trustee's counsel has divided this Application into three parts. Part I describes the practical and legal issues encountered by the Trustee's counsel, and actions taken and results obtained by counsel. Part II describes the qualifications and areas of expertise of the Trustee's attorneys. Part III describes the manner in which fees and expenses were calculated by the Trustee's attorneys.

I. **SERVICES PERFORMED**

A. **Administration**  $301.00

FrankGecker spent **0.70** hours at a cost of **$301.00** on issues relating to the administration of the bankruptcy case including resolving any tax issues.

B. **Retention of Professionals/Fee Applications**  $2,266.00

FrankGecker spent **8.80** hours at a cost of **$2,266.00** on issues relating to drafting, filing and appearing in court to employ Trustee's counsel, real estate broker and accountant. FG spent time reviewing the accountant's first and final fee application and preparing same for filing with the Court.

C. **Sale of Assets**  $2,667.50

FrankGecker spent **6.50** hours at a cost of **$2,667.50** on issues relating to the sale of 3724 N. Sayre; accessing the Real Estate and negotiating the sale of Trustee's interest in the Real Estate to Debtor for $15,000.

II. **ATTORNEYS PROVIDING SERVICES FOR THIS ESTATE**

A.   Micah R. Krohn (MRK) is senior counsel at FG. Mr. Krohn graduated from the Cardozo School of Law in 1992 and served as law clerk to the Hon. Erwin I. Katz from 1992 through 1994. Mr. Krohn specializes in bankruptcy law and has represented trustees, debtors and creditors in bankruptcy cases for more than 20 years.

B.   Christina S. Smith (CSS) is a bankruptcy paralegal at FrankGecker LLP. Ms. Smith has worked as a paralegal specializing in bankruptcy for over fifteen years and has experience working on debtor, creditor and trustee representations. Ms. Smith assisted counsel

in case research and case administration.

C.  Michael H. Matlock (MHM) is a bankruptcy paralegal at FrankGecker LLP. Mr. Matlock is a graduate of the University of Oklahoma. Mr. Matlock has over twenty-five years of bankruptcy experience working on debtor, creditor and trustee representations.

### III.  CALCULATION OF TIME AND FEES

This is the Trustee's first and final application for compensation and reimbursement of fees and expenses of FG. This fee application applies to fees and expenses incurred by FG from June 22, 2015 through February 15, 2016. All professional services for which compensation is requested herein, and all reimbursement for expenses incurred, have been for services directly related to the case and were rendered for the benefit of the Trustee and the Debtor's estate. No agreement or understanding exists between FG and any other person for the sharing of compensation received or to be received in connection with this Case, other than as disclosed or authorized pursuant to 11 U.S.C. §§ 327, 328, 330 and 331.

As set forth in the attached exhibit, FG's attorneys and paralegal have spent a total of **16.00 hours** providing necessary legal services for the Trustee. As a result, they request compensation in the amount of **$5,234.50** for actual, necessary legal services performed (Exhibit A). The average hourly rate is **$151.81**. In addition, FG has expended the sum of **$34.48** for actual necessary expenses incurred in representing the Trustee. FG has voluntarily written off all expenses related to fax charges and copying charges, only charging for off-site copying charges when incurred.

In preparing this fee application, FG has calculated the amount of time spent by each attorney and paralegal in performing actual, necessary legal services for the Trustee. The data

used came directly from computer printouts of data which is kept by FG on each of its clients. The hourly rates charged are the regular hourly rates charged by the firm to its clients. FG worked to avoid any duplication of effort, and in instances where more than one attorney billed for a project, or there was a need for multiple attorneys' involvement, the time of one of the attorneys was voluntarily written off.

To aid the Court in its review of this material, FG has prepared its time exhibits by topic as presented in the attached Exhibit A. For purposes of this Application, counsel has used categories. Most of these categories are substantive. The time entries cover all work performed by FG regardless of whether it was office conferences, telephone conferences, research or some other type of work.

FG does not bill its clients or seek compensation in this fee application for its overhead expenses, including word processing or computer research charges, fax charges, phone charges or secretarial overtime, instead, such expenses are factored into FG's normal and customary rate.

No compensation has been promised to FG, other than as disclosed or approved by this Court. FG certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee. Finally, FG represents that it is and remains a disinterested party and does not hold any relationship adverse to the estate.

WHEREFORE, FrankGecker LLP respectfully requests that this Court enter an Order:

A. Allowing FrankGecker LLP compensation for actual, necessary legal services in the amount of **$5,234.50**;

B. Allowing FrankGecker LLP reimbursement of actual, necessary expenses in the amount of **$34.48**; and

C. Authorizing the Trustee to pay FrankGecker LLP compensation and expense reimbursement in the total amount of **$5,268.98**.

Dated: February 25, 2016

Respectfully submitted,

FRANCES GECKER, not individually, but as Chapter 7 Trustee of the bankruptcy estate of MAREK SUPKA,

By: /s/   *Micah R. Krohn*

Micah R. Krohn (ARDC No. 6217264)
**FrankGecker LLP**
325 N. LaSalle Street, Suite 625
Chicago, Illinois 60654
Tel.: (312) 276-1400
Fax: (312) 276-0035
mkrohn@fgllp.com